IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL MASONRY TRAINING   *
AND EDUCATION FOUNDATION, *et al.*,
                                 *
    Plaintiffs,
                                 *
  v.                             Civil Action No. 8:18-cv-03320-PX
                                 *
HAWAII MASONS' TRAINING
FUND, *et al.*,                  *

    Defendants.                *
                                ***

### MEMORANDUM OPINION

Pending in this ERISA case is Defendants' motion to transfer venue and to dismiss Plaintiffs' Complaint. ECF No. 8. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants the motion to transfer.[1]

**I.    Background**

Plaintiff International Masonry Training and Education Foundation ("IMTEF") is an employee welfare benefit plan, employee benefit plan, and multiemployer plan created to provide apprenticeship training and educational benefits to eligible participants. ECF No. 1 ¶ 8. IMTEF is administered in Maryland. *Id.* ¶ 6. Defendant Hawaii Masons' Training Fund ("Hawaii Fund") is also an employee welfare benefit plan, employee benefit plan, and multiemployer plan. *Id.* ¶ 10. The Hawaii Fund is administered in Hawaii, *id.*, and all of its trustees reside in Hawaii. ECF No. 8-5 ¶ 5; ECF No. 8-6 ¶ 5; ECF No. 8-7 ¶ 6; ECF No. 8-8 ¶ 5; ECF No. 8-9 ¶ 5; ECF No. 8-10 ¶ 5; ECF No. 8-11 ¶ 5; ECF No. 8-12 ¶ 5. The Hawaii Fund has not conducted any business in Maryland during the tenure of any defendant-trustee. ECF No. 8-

---

[1] Because the Court grants the motion to transfer, it does not decide whether the Complaint should be dismissed.

5 ¶ 3; ECF No. 8-6 ¶ 3; ECF No. 8-7 ¶ 3; ECF No. 8-8 ¶ 3; ECF No. 8-9 ¶ 3; ECF No. 8-10 ¶ 3; ECF No. 8-11 ¶ 3; ECF No. 8-12 ¶ 3.

Several collective bargaining agreements, which were consummated in Hawaii, require participating employers to contribute to IMTEF. According to Plaintiffs, the agreements require the Hawaii Fund to collect and forward the contributions to IMTEF. *Id.* ¶¶ 14–15. The Hawaii Fund, however, has retained such contributions totaling in excess of $430,000. *Id.* ¶ 16. As a result, Plaintiffs IMTEF and its Board of Trustees filed this action against the Hawaii Fund and its trustees, alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as well as Hawaii common law claims of conversion, breach of fiduciary duty, tortious interference with contractual relations, and unjust enrichment. ECF No. 1. Defendants moved to transfer this action to Hawaii and to dismiss the Complaint. ECF No. 8.

**II.    Analysis**

The propriety of transfer is governed by 28 U.S.C. § 1404(a), which states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." To prevail on a transfer motion, "the defendant must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 680–81 (D. Md. 2010) (quoting *Helsel v. Tishman Realty & Constr. Co.*, 198 F. Supp. 2d 710, 711 (D. Md. 2002)) (internal quotation marks omitted). The defendant cannot rely on conclusory allegations of hardship to meet this burden but rather must demonstrate, by affidavit or otherwise, evidence of "the hardships they

would suffer if the case were heard in the plaintiff's chosen forum." *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002).

When deciding whether to transfer the matter, the Court first considers if the action could have been brought in the requested venue. *In re: Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (4th Cir. 2008). If venue is proper in the requested forum, the Court next considers: "(1) the weight accorded the plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).

Defendants request transfer to the District of Hawaii, a forum in which this ERISA case could have been brought. Under ERISA, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Defendants may all be found in Hawaii and the alleged breaches occurred in Hawaii. ECF No. 1 ¶¶ 10, 46, 53. Likewise, the Hawaii common law claims could all be properly brought pursuant to 28 U.S.C. § 1391(b). Because venue is proper in Hawaii, the Court next weighs the above-stated factors to determine the propriety of transfer. The Court addresses each factor in turn.

**A. Plaintiff's Choice of Venue**

Generally, the "plaintiff's forum choice of venue is 'entitled to substantial weight.'" *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005) (quoting *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988)). Actions brought pursuant to ERISA accord "somewhat greater" weight to the plaintiff's choice of forum, as reflected in ERISA's liberal venue provision. *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs.*, 791 F.3d

3

436, 444 (4th Cir. 2015) (quoting *Cross*, 383 F. Supp. 2d at 856–57) (internal quotation marks omitted). That said, the plaintiff's choice is "significantly lessened" where, as here, the chosen forum "'has little connection to the merits of the underlying dispute.'" *Int'l Painters & Allied Trade Indus. Pension Fund v. Marrero Glass & Metal, Inc.*, No. ELH-18-452, 2019 WL 423409, at *4 (D. Md. Feb. 1, 2019) (quoting *Lynch*, 237 F. Supp. 2d at 617).

The only connection between Plaintiffs' chosen forum—the District of Maryland—and this case is that IMTEF administers its plan from Bowie, Maryland. But IMTEF's plan administration is not at issue in this case. Rather, the events giving rise to the Complaint all took place in Hawaii. The pertinent collective bargaining agreements were executed in Hawaii; the pertinent contributions were made to the Hawaii Fund; and the funds are held in Hawaii. Plaintiffs' choice of forum in this circumstance is, at best, "significant, but neither dispositive nor conclusive." *Baylor Heating*, 702 F. Supp. at 1257; *see also Marrero Glass*, 2019 WL 423409, at *4.

### B. Witness Convenience and Access

The second factor, witness convenience, is "[p]erhaps the most important factor to be considered by a court." *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000). Defendants contend, and Plaintiffs do not dispute, that all key witnesses and documents are located in Hawaii. ECF No. 13 at 11; ECF No. 16 at 6. Plaintiffs nonetheless maintain that trial may still conveniently occur in Maryland because, at trial, the parties could submit depositions in lieu of live testimony. ECF No. 13 at 11. The Court is unpersuaded that in this complex ERISA case, trial can be accomplished as Plaintiffs suggest.

This case requires resolution of whether the Hawaii Fund "knowingly and willingly accept[ed] contributions intended for the IMTEF . . . , with the expectation and understanding by

4

those employers that the Hawaii Fund would forward those contributions to the IMTEF." ECF No. 1 ¶ 25. Accordingly, the witness testimony will not solely concern "simple factual matters that can be easily resolved." *See Nat'l Elec. Ben. Fund v. Rabey Elec. Co.*, No. 11-CV-00184-AW, 2012 WL 32582, at *2 (D. Md. Jan. 5, 2012).

The witness testimony will concern the contracting entities' respective understanding of the collective bargaining agreements, and whether the Hawaii Fund intended to fulfill its obligations in good faith. Live testimony will be particularly important to test the credibility and believability of such witnesses. *See Elliott AmQuip, LLC v. Bay Elec. Co.*, No. ELH-10-3598, 2011 WL 2174893, at *9 n.23 (D. Md. June 2, 2011) ("Even videotaped depositions are not a substitute for live testimony, particularly where credibility may be important.") (quoting *Fluid Control Prods. v. Aeromotive, Inc.*, No. 4:09-CV-1667 CAS, 2011 WL 620115, at *4 (E.D. Mo. Feb. 11, 2011)) (internal quotation marks omitted). However, were this action to remain in Maryland, many non-party witnesses who reside in Hawaii would be beyond this Court's reach to compel their attendance at trial. *See* Fed. R. Civ. P. 45(c)(1)(A). Defendants, therefore, would have to either secure the witnesses' voluntary travel beyond "the furthest reaches on the Continental United States" or sacrifice the live testimony needed to defend the case. *See Koons Auto.*, 752 F. Supp. 2d at 681 (*quoting Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992)) (internal quotation marks omitted). These substantial barriers to conducting trial in Maryland weigh heavily in favor of transfer.

**C. Convenience of the Parties**

The convenience of the parties does not tilt toward transfer. IMTEF administers its plan in Maryland, and the Hawaii Fund administers its plan in Hawaii. To the extent that Plaintiffs now must travel to Hawaii for trial, the inconvenience is shifted onto them. *See Marrero Glass*,

2019 WL 423409, at *5 ("'[T]ransfer will be refused if the effect of a change of venue would be merely to shift the inconvenience from one party to the other.'") (quoting Wright & Miller § 3849). However, the Court notes that if the motion is denied, Plaintiffs will nonetheless be compelled to travel to Hawaii should they wish to depose in person the Hawaii witnesses. In this respect, Plaintiffs would shoulder the burden of travel to Hawaii regardless of transfer.

**D. Interest of Justice**

The interest of justice "encompass[es] all those factors bearing on transfer that are unrelated to the convenience of witnesses and parties." *Cross*, 383 F. Supp. 2d at 857. Such factors include the presiding court's familiarity with the applicable law. *Id.* This factor points toward transfer because four counts of the Complaint allege Hawaiian common law violations, namely conversion, breach of fiduciary duty, tortious interference with contractual relations, and unjust enrichment. ECF No. 1. The District of Hawaii is a more "able interpreter of these bodies of law" than is this Court. *See Wright v. Elton Corp.*, No. RDB-16-329, 2017 WL 1035830, at *6 (D. Md. Mar. 17, 2017).

Additionally, the Court may give some limited consideration to "whether a trial may be speedier in another court because of its less crowded docket." *Marrero Glass*, 2019 WL 423409, at *6. The Court notes that as of December 31, 2018, the median time from case initiation to trial for civil matters in Maryland was 33.5 months, while the median time to trial in Hawaii was 24.6 months. United States Courts, *United States District Courts—National Judicial Caseload Profile*, at 20, 70, https://www.uscourts.gov/sites/default/files/fcms_na_distprofile1231.2018.pdf (last visited Apr. 3, 2019). These interests of justice overall counsel in favor of transfer.

In sum, the Court finds that Defendants demonstrated that transfer would "better and more conveniently serve the interests of the parties and witnesses and better promote the interests

of justice." *See Koons Auto.*, 752 F. Supp. 2d at 680–81. Even giving Plaintiffs' chosen forum due weight, the Court recognizes that the witnesses and evidence concerning this case are located in Hawaii and the law pertinent to the state claims is Hawaiian law. Granting transfer will relieve witnesses of the heavy burden to engage in cross-continental travel and would place the case before a court better situated to interpret Hawaiian law. This Court, therefore, grants the motion to transfer this case to the District of Hawaii.

### III. Conclusion

For the foregoing reasons, Defendants' motion to transfer to the District of Hawaii is granted. ECF No. 8. A separate Order follows.

4/3/2019_____ \_\_\_\_\_/S/_____
Date                                                                            Paula Xinis
                                                                                United States District Judge